UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALEXANDER SIMMONS,                                          *COMPLAINT AND*
                                                            *JURY DEMAND*

                                          Plaintiff,

          -against-
                                                            Docket No.
                                                            1-14-cv-7369

JOSEPH ARMENIO, SHIELD
NO. 5807, "JOHN DOE" FROM                                   ECF CASE
THE 90th PRECINCT,

                                          Defendants.
------------------------------------------------------------------------X

          Plaintiff Alexander Simmons, by his attorney Joseph Indusi, of London Indusi, LLP, for

his complaint against defendant New York Police Department Officers alleges as follows:

                                   PRELIMARY STATEMENT:

          1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

          2.  The claim arises from an August 6, 2014 incident in which defendants, acting under

color of state law, unlawfully stopped, searched, and arrested Mr. Simmons for no valid reason at

440 Berry Street in Brooklyn, New York. Mr. Simmons spent approximately 24 hours unlawfully

in police custody. After Mr. Simmons came back to court multiple times, Mr. Simmon's case

was dismissed and sealed on December 16, 2014.

          3. Plaintiff seeks monetary damages (special, compensatory and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

1

JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York. Plaintiff is a full time construction worker at All Islands Construction.

8. Defendant Armenio and Defendant John Doe, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Armenio and Defendant John Doe, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Armenio and Defendant John Doe were under the command of the 90th precinct on the date of the incident.

11. On information and belief, at all times relevant hereto, Defendant Armenio and Defendant John Doe were under the command of the 90th precinct and are sued in their

2

individual capacity.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

<u>FACTUAL CHARGES</u>

13.  On August 6, 2014, at approximately 6:30 p.m., Mr. Simmons was standing lawfully in a playground in the rear of 440 Berry Street in Brooklyn, New York.

14. Mr. Simmons was bringing his godson, Matthew, to meet his mother at the playground located in the rear of 440 Berry Street.

15. Defendant Armenio and Defendant John Doe, both in NYPD uniform, approached Mr. Simmons and said, "Can we talk to you?"

16. Mr. Simmons replied, "What's the problem Officers?"

17. Defendant Armenio replied, "We're going to search you, if you don't have anything on you we'll let you go."

18. Defendant Armenio then patted down Mr. Simmons over his clothes, finding no illegal contraband.

19. Mr. Simmons did not consent to the patdown or search of his body.

20. Defendant Armenio then said, "Turn around, we are taking you in."

21. Mr. Simmons complied with Defendant Armenio's orders and turned around.

22. Defendant Armenio and Defendant John Doe, then, acting in concert, unlawfully handcuffed Mr. Simmons.

23. There was no probable cause to arrest Mr. Simmons.

24. Mr. Simmons did not resist arrest.

25. Mr. Simmons was then taken to central booking to await arraignments.

26. While Mr. Simmons was in central booking, Defendant Armenio and Defendant John Doe acting with malice, conveyed false information to prosecutors in order to have Mr. Simmons prosecuted for Attempted Tampering with Physical Evidence.

27. Mr. Simmons was unlawfully held in police custody and arraigned on those charges.

28. At arraignments, the Judge released Mr. Simmons on his own recognizance.

29. Plaintiff Simmons spent approximately 24 hours unlawfully in police custody.

30. Mr. Simmons missed work at his construction job as a result of this unlawful arrest.

31. Mr. Simmons came back to court multiple times, missing work each and every day he had to be in court.

32. On December 16, 2014, Mr. Simmon's case was dismissed and sealed.

33. At all times during the events described above, the Defendant Armenio and Defendant John Doe were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

34. Defendant Armenio and Defendant John Doe assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

35. Defendant Armenio and Defendant John Doe failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

36. During all of the events described, Defendant Armenio and Defendant John Doe acted maliciously and with intent to injure plaintiff.

## DAMAGES

37. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

> a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;
>
> b) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;
>
> c) Physical pain and suffering;
>
> d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;
>
> e) Loss of liberty; and
>
> f) Loss of wages;

### FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

38. The above paragraphs are here incorporated by reference.

39. The defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

40. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

41. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

42. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

43. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

44. All of this occurred without any illegal conduct by plaintiff.

45. Mr. Simmon's case was dismissed and sealed on December 16, 2014.

46. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

47. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

<u>SECOND CAUSE OF ACTION</u>
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

48. The preceding paragraphs are here incorporated by reference.

49. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

50. Defendants did not have probable cause to initiate proceeding.

51. The criminal proceedings were terminate in plaintiff's favor.

52. Plaintiff's case was terminated in his favor and sealed.

53. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

6

<u>THIRD CAUSE OF ACTION</u>
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

54. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

55. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

A.      In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D.      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to  28 U.S.C. § 1988; and

E.      Granting such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:  December 18, 2014
       Brooklyn, New York

                        Respectfully submitted,

                        _____/s/ Joseph Indusi, Esq._____

                        *Joseph Indusi, Esq.*
                        Bar Number: JI6499
                        Attorney for Mr. Simmons
                        London Indusi LLP
                        186 Joralemon Street, Suite 1202
                        Brooklyn, NY 11201
                        (718) 301-4593 – Phone
                        (718) 247-9391 – Fax
                        Joe@LondonIndusi.com